33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Frederic Jerome HAMMOND, Debtor.
Frederic Jerome HAMMOND, Appellant,
v.
BANK OF A. LEVY, Appellee.
 No. 93-56577.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 10, 1994.
 
 Before: WALLACE, Chief Judge; HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederic J. Hammond appeals pro se the Bankruptcy Appellate Panel's dismissal, on mootness grounds, of his appeal from a bankruptcy court order lifting the automatic stay and allowing Bank of A. Levy (the Bank) to foreclose on certain real property.
 
 I.
 
 3
 Hammond and his ex-wife Nora owned certain real property in Ventura County, California. The property consisted of Hammond's residence and several additional lots that Hammond planned to develop. The property was encumbered by a deed of trust securing certain notes held by the Bank.
 
 
 4
 On August 4, 1992, Hammond filed a pro se petition for Chapter 11 reorganization, triggering the automatic stay imposed by the Bankruptcy Code. Hammond filed a reorganization plan on December 2, 1992. The Bank then petitioned the bankruptcy court for relief from the automatic stay. The bankruptcy court granted this petition on March 19, 1993, finding it "undisputed that there is no equity in [the] property" and holding that reorganization was not "reasonably in prospect."
 
 
 5
 On March 22, 1993, Hammond appealed to the Bankruptcy Appellate Panel (BAP). Hammond subsequently moved for a stay of foreclosure. The BAP denied this motion. Accordingly, the Hammond property was sold at a public non-judicial foreclosure sale on August 9, 1993. The Bank, as sole bidder, purchased the property for a credit bid of slightly less than $4.9 million. The BAP then dismissed Hammond's appeal from the bankruptcy court as moot. Hammond timely appeals.
 
 II.
 
 6
 We review the BAP's decision de novo. In re Dewalt, 961 F.2d 848, 850 (9th Cir.1992). Generally, when a debtor appeals a bankruptcy court's order lifting the automatic stay to permit a sale of the debtor's assets, the debtor's failure to obtain a stay renders the appeal moot. In re Onouli-Kona Land Co., 846 F.2d 1170, 1171 (9th Cir.1988). "A purchaser's being party to the appeal does not change the applicability of the mootness rule." Id. at 1172 (quotation omitted).
 
 
 7
 Hammond first attacks the mootness rule itself, requesting that we overrule the bankruptcy mootness rule of Onouli-Kona in favor of general mootness principles, which allow us to hear an appeal where all relevant parties are before us. Sitting as a three-judge panel, we lack the authority to overrule the decisions of a prior panel. Branch v. Tunnell, 14 F.3d 449, 456 (9th Cir.), cert. denied, 114 S.Ct. 2704 (1994). We therefore must decline Hammond's invitation.
 
 
 8
 Hammond also argues that the bankruptcy mootness rule, as codified by 11 U.S.C. Sec. 363(m), applies by its own terms only to sales by the bankruptcy trustee and thus does not apply to foreclosure sales by creditors. We disagree. This court has long held that section 363(m)'s reference to trustee sales "does not indicate an intent that a conveyance by someone other than a trustee is now outside the [judicial] rule of mootness." Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1424 (9th Cir.1985).
 
 
 9
 In his reply brief, Hammond contends that the mootness rule denies him due process. We decline to consider these conclusory assertions, which Hammond did not raise or argue in his opening brief. See International Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985).
 
 III.
 
 10
 Hammond's next tack is to argue that he falls under one of the exceptions to the mootness rule. There are two such exceptions: First, the mootness rule does not apply "where real property is sold to a creditor subject to the right of redemption." In re Mann, 907 F.2d 923, 926 (9th Cir.1990). The second exception comes into play "where state law would otherwise permit the [sale] transaction to be set aside." Id.
 
 
 11
 The first exception is inapplicable here; California's statutory right of redemption terminates when the foreclosure sale is complete. See Cal.Civ.Code Sec. 2924c (allowing debtor to redeem property by curing default prior to foreclosure sale); Mann, 907 F.2d at 926 ("In California, the period for redemption runs from the time the foreclosure sale is noticed until five business days before the sale is scheduled to take place.").
 
 
 12
 As for the second exception, Hammond asserts that his ex-wife Nora did not receive the notice of default required under the applicable California statutes. Accordingly, he contends, California law would permit him to set aside the Bank's foreclosure, and that his appeal is thus not moot.
 
 
 13
 Under California law, "[t]he party seeking to set aside [a foreclosure] sale has the burden of pleading and proof at trial of improper procedure and consequent prejudice." Anderson v. Heart Fed. Sav., 208 Cal.App.3d 202, 256 Cal.Rptr. 180, 184 (1989). Hammond alleges that the Bank failed to mail a notice of default to his ex-wife's proper address. The asserted prejudice is that he had insufficient time to implement or properly present his own reorganization plan as an alternative to foreclosure. He fails to show any link between the former and the latter, nor is such a link evident.
 
 
 14
 Hammond also asserts that he did not receive notice of a "balloon payment" as required by Cal.Civ.Code Sec. 2924i. This provision requires that the holder of certain balloon payment loans notify the borrower of the amount and due date of the final payment "[a]t least 90 days but not more than 150 days prior to the due date of the final payment." Cal.Civ.Code Sec. 2924i(c). Hammond does not contend that the final payment on his loan was less than 150 days away at the time of default, or that he defaulted because of the balloon payment. Nor does he explain why the general notice of default did not provide adequate notice that the balloon payment, included in the balance of the related note, was due.
 
 
 15
 Finally, Hammond argues for the first time in his reply brief that the Bank discouraged a potential foreclosure bidder, who would have offered $4.7 million for the property, by agreeing to sell the property to that bidder for a substantially lower price after foreclosure. "[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." International Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). We decline to do so here, particularly considering the fact that Hammond's claims are economically implausible. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (observing that party seeking to avoid summary judgment bears heavier burden if the factual context renders its claim economically implausible).
 
 AFFIRMED.[1]
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hammond is currently mulling over the possibility of seeking damages from the Bank in state court for wrongful foreclosure, and would like this court to advise him as to his prospects. We respectfully decline